UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BRET STUMP, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO.: 4:21-CV-37 |
| | ) |
| FRANCISCAN ALLIANCE, INC. | ) |
| | ) |
| DEFENDANT. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Bret Stump brings this action against Franciscan Alliance, Inc. for violation of Title VII the Civil Rights Act of 1964.

### INTRODUCTION

Bret Stump worked for Franciscan Alliance, Inc. ("FAI") as a nurse. In the course of his employment by FAI in the female-dominated field of nursing, Stump was repeatedly subjected to objectively and subjectively offensive sex-based discrimination. The discrimination included imposition of sex-based stereotypes and an expectation of conformity with those stereotypes, even by those with supervision over Stump. Stump was subjected to sexual touching and comments by his female co-workers, including by those with supervision over Stump. He was subjected to a hostile environment because of his sex. The environment was filled with sex-based jokes and stereotypes to the point that it was severely and pervasively hostile to male nurses, including Stump.

### PARTIES

1. Stump is an individual who resides in Tippecanoe County, Indiana.

2. At all times relevant to his claims, Stump was employed by FAI.

3. FAI is an Indiana corporation doing business in Tippecanoe County, Indiana.

4. FAI was Stump's employer until approximately November 28, 2018.

## JURISDICTION AND VENUE

5. This Court properly has jurisdiction over this matter under 28 U.S.C. §1331 because Stump is asserting a claim arising under federal law.

6. This Court is a proper venue for this matter under 28 U.S.C. §1391 because Defendant may be found in this district and the events giving rise to Stump's Complaint occurred in this district.

## STATUTORY COVERAGE

7. Defendant FAI is an "employer" within the meaning of 42 U.S.C. §2000e(b).

8. Stump is an employee within the meaning of 42 U.S.C. §2000e(f).

## FACTUAL ALLEGATIONS

9. Stump was employed by FAI, including in the fall of 2018.

10. On or about October 31, 2018, Stump was subjected to sex-based discrimination and harassment.

11. In particular, Diana Marshall made an overtly sex-based comment about Stumps "monster-sized hands."

12. In addition to likening Stump to a monster, this comment prevailed upon the link in the cultural zeitgeist correlating the size of a man's hands with the size of his genitals[1].

13. Stump expressed to Diana Marshall that he was offended by the comment.

14. Stump also expressed to Megan Zimmerman that he was offended by the comment.

15. On November 2, 2018, only two days after Stump experienced and complained of the sexually discriminatory and hostile language, Marshall falsely accused Stump of making a mistake in a patient's IV.

---

[1] See, e.g. https://abcnews.go.com/Politics/history-donald-trump-small-hands-insult/story?id=37395515

16. Marshall made the false accusation against Stump in front of two students, further breaking protocol and / or violating policies.

17. Marshall did this with the intent to harass Stump and to retaliate against him for his complaint of sex discrimination and sexual harassment.

18. In the process of falsely and inappropriately rebuking Stump, Marshall herself made a major medical mistake, administering a medication to a patient at 400% of the prescribed dose, without physician's orders.

19. On November 5, 2018 there was a meeting convened for the purpose of confronting these issues.

20. Instead of the meeting addressing Stump's complaint of sexual harassment, FAI's managers and supervisors made the conversation about an unrelated alleged interaction between Stump and John Stearns.

21. During that interaction, Stump was called away for an urgent patient care issue.

22. After addressing the urgent patient care issue, Stump was sexually harassed by Zimmerman when she approached him, stroked his arms in a sexually provocative manner, and continued to comment to him about his appearance.

23. Two days later, FAI suspended Stump's employment.

24. The suspension was predicated upon a demonstrably false claim by Diana Marshal that Stump failed to record a patient's vitals, and a second claim that Stump failed to recall an unrelated and irrelevant conversation with Jessica Jeager about John Stearns.

25. The real reason for the suspension is because Stump – a male nurse in a female-dominated field – was male, opposed the sexual harassment he was experiencing, and complained of the sexual harassment he was experiencing.

26. Instead of taking reasonable steps to cure the sex discrimination and sexual harassment that Stump reported, FAI doubled-down and Zimmerman escalated the harassment.

27. Instead of properly responding to Stump's complaint of sexual harassment and a hostile work environment, FAI instead launched attacks on Stump.

28. FAI concocted a story and a sham investigation regarding Stump.

29. On November 14, 2018 Stump's attorney wrote to the organization demanding that they restore his employment, stop the sexual harassment, and clean up the unwarranted discipline on his employee file.

30. FAI declined to resolve the matter.

31. Instead, on the day after the response deadline in the letter from Stump's attorney, FAI called Stump to summon him to a meeting for the purpose of firing Stump.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

32. In violation of 42 U.S.C. 2000e, FAI discriminated against Stump.

33. FAI allowed the creation and maintenance of a work environment hostile toward men, including Stump.

34. FAI, by and through its employees and management, allowed Stump to be discriminated against and harassed because of his sex.

35. FAI discriminated against and retaliated against Stump for having made a complaint of sexual harassment and sex discrimination.

36. FAI violated the law in discriminating against, allowing sexual harassment against, and retaliating against Stump.

37. Stump has been harmed by FAI's unlawful conduct.

### PRAYER FOR RELIEF

Stump respectfully requests the following relief:

a. Reinstatement to his position;

b. Unpaid back wages, benefits, and perquisites of employment;

c. Damages for his emotional and psychological distress;

d. His attorney's fees;

e. The costs of this action;

f. Such other relief as this Court determines to be necessary and appropriate.

/s/ Jason R. Ramsland  
Jason R. Ramsland (#29443-29)  
Ramsland Law  
8520 Allison Pointe Blvd  
Suite 223 PMB 65298  
Indianapolis, IN 46250  
765.267.1240  
jason@rams.land  
Attorney for Bret Stump

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues for which a jury trial is available.

/s/ Jason R. Ramsland