UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| BRET STUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21 CV 37 |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

This matter is before the court on defendant's motion to dismiss. (DE # 10.) For the reasons that follow, the motion to dismiss will be denied.

**I.   BACKGROUND**[1]

Plaintiff Bret Stump alleges that he was subject to sex discrimination, harassment, hostile work environment, and retaliation, while he was employed as a nurse by defendant Franciscan Alliance, Inc. (DE # 1.) This discrimination and harassment began on October 31, 2018, and continued until around November 28, 2018, when his employment was terminated.[2] In a letter dated January 16, 2019, Stump set forth the

---

[1] The following factual allegations are taken from plaintiff's complaint and response brief to the motion to dismiss, including the materials attached to plaintiff's response brief. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745, n. 1 (7th Cir. 2012) (a plaintiff opposing a Rule 12(b)(6) motion "may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove" and may assert new factual allegations, so long as those factual allegations are consistent with the pleadings).

[2] It is not clear from the pleadings the exact date plaintiff's employment was terminated.

details of his charge to the Equal Employment Opportunity Commission (EEOC). (DE # 12-1.)

Defendant now moves to dismiss plaintiff's complaint on the basis that plaintiff did not file a timely charge with the EEOC, and therefore failed to exhaust his administrative remedies prior to filing this suit. (DE # 10.) Plaintiff filed a response in opposition to the motion. (DE # 12.) Defendant did not file a reply, and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B). This matter is now ripe for ruling.

## II.     LEGAL STANDARD

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

Before filing suit under Title VII, plaintiff was required to file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e–5(e)(1); *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009). Plaintiff had 300 days from the date of the alleged unlawful employment practice to file a timely charge. *See Laouini*, 586 F.3d at 475; *Adams v. City of Indianapolis*, 742 F.3d 720, 726 (7th Cir. 2014).

"Failure to timely file an administrative charge is an affirmative defense[.]" *Laouini*, 586 F.3d at 475. For dismissal based on an affirmative defense at the pleading stage, it is incumbent on a defendant to show that it has "an airtight defense" on the face of the complaint. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

In this case, defendant has failed to meet its burden of proof on its affirmative defense. Plaintiff has pointed to evidence indicating that he submitted a charge to the EEOC in the form of a letter dated January 16, 2019 – well within his 300 day window to submit his charge. (DE # 12-1.) At this stage in the proceedings, plaintiff's statement that he mailed this letter must be taken as true. *See United States ex rel. Berkowitz,* 896 F.3d at 839. The EEOC permits a claimant to submit a charge by letter sent in the mail. 29 C.F.R. § 1601.12; *see also How to File a Charge of Employment Discrimination*, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/how-file-charge-employment-discrimination (last visited Nov. 10, 2021). Accordingly, defendant has not established that plaintiff failed to submit a timely charge to the EEOC prior to initiating this lawsuit.

## IV.   CONCLUSION

Accordingly, the court **DENIES** defendant's motion to dismiss. (DE # 10.)

                              **SO ORDERED.**

Date: November 29, 2021

        s/James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT