UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BRET STUMP, | ) |
| | ) |
| Plaintiff. | ) |
| | ) CAUSE NO: 4:21-CV-37-JTM-JEM |
| | ) |
| FRANCISCAN ALLIANCE, INC. | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Franciscan Alliance, Inc. ("Defendant" or "FAI"), by counsel, for its Answer to the Complaint filed by Plaintiff Bret Stump ("Plaintiff" or "Stump"), states as follows:

### PARTIES

1. Stump is an individual who resides in Tippecanoe County, Indiana.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, denies all allegations.

2. At all times relevant to his claims, Stump was employed by FAI.

**ANSWER:** Defendant admits the allegations in Paragraph 2 of the Complaint.

3. FAI is an Indiana corporation doing business in Tippecanoe County, Indiana.

**ANSWER:** Defendant admits the allegations in Paragraph 3 of the Complaint.

4. FAI was Stump's employer until approximately November 28, 2018.

**ANSWER:** Defendant admits the allegations in Paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5. This Court properly has jurisdiction over this matter under 28 U.S.C. §1331 because Stump is asserting a claim arising under federal law.

**ANSWER:** Defendant admits that the listed statutes confer subject matter jurisdiction, but denies that Plaintiff is entitled to any relief thereunder.

6. This Court is a proper venue for this matter under 28 U.S.C. §1391 because Defendant may be found in this district and the events giving rise to Stump's Complaint occurred in this district.

**ANSWER:** Defendant admits that venue is proper in this district.

### STATUTORY COVERAGE

7. Defendant FAI is an "employer" within the meaning of 42 U.S.C. §2000e(b).

**ANSWER:** Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Stump is an employee within the meaning of 42 U.S.C. §2000e(f).

**ANSWER:** Defendant admits the allegations in Paragraph 8 of the Complaint.

### FACTUAL ALLEGATIONS

9. Stump was employed by FAI, including the fall of 2018.

**ANSWER:** Defendant admits the allegations in Paragraph 9 of the Complaint.

10. On or about October 31, 2018, Stump was subjected to sex-based discrimination and harassment.

**ANSWER:** Defendant denies the allegations in Paragraph 10 of the Complaint.

11. In particular, Diana Marshall made an overtly sex-based comment about Stumps "monster-sized hands."

**ANSWER:** Defendant denies the allegations in Paragraph 11 of the Complaint.

12. In addition to likening Stump to a monster, this comment prevailed upon the link in the cultural zeitgeist correlating the size of a man's hand with the size of his genitals[1].

---

[1] See, e.g., https://abcnews.go.com/Politics/history-donald-trump-small-hnads-insult/story?id-37395515

**ANSWER:** Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Stump expressed to Diana Marshall that he was offended by the comment.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint and, therefore, denies all allegations.

14. Stump also expressed to Megan Zimmerman that he was offended by the comment.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint and, therefore, denies all allegations.

15. On November 2, 2018, only two days after Stump experienced and complained of the sexually discriminatory and hostile language, Marshall falsely accused Stump of making a mistake in a patient's IV.

**ANSWER:** Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Marshall made the false accusation against Stump in front of two students, further breaking protocol and/or violating policies.

**ANSWER:** Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Marshall did this with the intent to harass Stump and to retaliate against him for his complaint of sex discrimination and sexual harassment.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18. In the process of falsely and inappropriately rebuking Stump, Marshall herself made a major medical mistake, administering a medication to a patient at 400% of the prescribed dose, without physician's orders.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. On November 5, 2018 there was a meeting convened for the purpose of confronting these issues.

**ANSWER:** Defendant admits that there was a meeting on November 5, 2018 between Plaintiff and various individuals including Julie Norris but denies the remainder of Paragraph 19 of the Complaint.

20. Instead of the meeting addressing Stump's complaint of sexual harassment, FAI's managers and supervisors made the conversation about an unrelated alleged interaction between Stump and John Stearns.

**ANSWER:** Defendant denies the allegations in Paragraph 20 of the Complaint.

21. During that interaction, Stump was called away for an urgent patient care issue.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 21 of the Complaint and, therefore, denies all allegations.

22. After addressing the urgent patient care issue, Stump was sexually harassed by Zimmerman when she approached him, stroked his arms in a sexually provocative manner, and continued to comment to him about his appearance.

**ANSWER:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Two days later, FAI suspended Stump's employment.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, denies all allegations.

24. The suspension was predicated upon a demonstrably false claim by Diana Marshal that Stump failed to record a patient's vitals, and a second claim that Stump failed to recall an unrelated and irrelevant conversation with Jessica Jeager about John Stearns.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

25. The real reason for the suspension is because Stump – a male nurse in a female-dominated field – was male, opposed the sexual harassment he was experiencing, and complained of the sexual harassment he was experiencing.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Instead of taking reasonable steps to cure the sex discrimination and sexual harassment that Stump reported, FAI doubled-down and Zimmerman escalated the harassment.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Instead of properly responding to Stump's complaint of sexual harassment and a hostile work environment, FAI instead launched attacks on Stump.

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28. FAI concocted a story and a sham investigation regarding Stump.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Complaint.

29. On November 14, 2018 Stump's attorney wrote to the organization demanding that they restore his employment, stop the sexual harassment, and clean up the unwarranted discipline on his employment file.

**ANSWER:** Defendant admits that it received a letter from Plaintiff's counsel on November 14, 2019, but denies the remainder of Paragraph 29 of the Complaint.

30. FAI declined to resolve the matter.

**ANSWER:** Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Instead, on the date after the response deadline in the letter from Stump's attorney, FAI called Stump to summon him to a meeting for the purpose of firing Stump.

**ANSWER:** Defendant admits that it met with Plaintiff prior to his termination, but denies the remaining allegations contained in Paragraph 31 of the Complaint.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

32. In violation of 42 U.S.C. 2000e, FAI discrimination against Stump.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of the Complaint.

33. FAI allowed the creation and maintenance of a work environment hostile toward men, including Stump.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Complaint.

34. FAI, by and through its employees and management, allowed Stump to be discriminated against and harassed because of his sex.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Complaint.

35. FAI discriminated against and retaliated against Stump for having made a complaint of sexual harassment and sex discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of the Complaint.

36. FAI violated the law in discriminating against, allowing sexual harassment against, and retaliating against Stump.

**ANSWER:** Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Stump has been harmed by FAI's unlawful conduct.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff claims are barred as he has failed to timely exhaust his administrative remedies.

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. Plaintiff is barred from recovery to the extent the claims alleged in the Complaint are broader than the allegations of the Charge of Discrimination that Plaintiff filed with the EEOC, and thus to the extent Plaintiff has failed to exhaust his administrative remedies.

4. Plaintiff is barred from recovery because any instances complained of by Plaintiff in his Complaint were not the result of discrimination or in retaliation for engaging in a protected activity. Defendant's actions towards Plaintiff were made without regard to Plaintiff's sex, and were not in retaliation for engaging in a protected activity.

5. Defendant has legitimate non-discriminatory reasons for all actions it took with respect to Plaintiff's employment.

6. Even if the trier of fact were to determine that discriminatory and/or retaliatory motives or reasons played any part in any employment decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory and non-retaliatory reasons.

7. Plaintiff's claims are barred under the doctrine of estoppel and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

9. Plaintiff has failed to reasonably mitigate his damages, thus barring or reducing his recovery.

10. Defendant denies all allegations of the Complaint to which no response was given.

11. Defendant gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

**WHEREFORE**, Defendant Franciscan Alliance, Inc. prays that Plaintiff takes nothing by way of his Complaint, that judgment be entered in favor of Defendant and against Plaintiff, for its costs, and for all other relief proper in the premises.

Dated: December 14, 2021  By:  Amy J. Adolay, Atty. No. 23147-49
　　　　　　　　　　　　　　　　Elizabeth M. Roberson, Atty. No. 34097-64
　　　　　　　　　　　　　　　　KRIEG DEVAULT LLP
　　　　　　　　　　　　　　　　12800 N. Meridian Street, Suite 300
　　　　　　　　　　　　　　　　Carmel, IN 46032
　　　　　　　　　　　　　　　　Telephone: (317) 238-6330
　　　　　　　　　　　　　　　　　　　　　　　(317) 238-6342
　　　　　　　　　　　　　　　　Facsimile:  (317) 636-1507
　　　　　　　　　　　　　　　　Email: aadolay@kdlegal.com
　　　　　　　　　　　　　　　　　　　　　eroberson@kdlegal.com

　　　　　　　　　　　　　　　　*Counsel for Defendant Franciscan Alliance, Inc.*

KD_13643684_3.docx